| | | |
|---|---|---|
| TROY J. FOX, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 2:24-CV-88 |
| vs. | ) | |
| | ) | |
| COCKE COUNTY, TENNESSEE, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

The parties have filed a Joint Motion to Approve Settlement for Benefit of Minor [Doc. 74] and sealed Memorandum in Support. [Doc. 75]. Pursuant to 28 U.S.C. § 636, these motions were referred to the undersigned for issuance of a Report and Recommendation [Doc. 76].

On May 6, 2026, the Court held a hearing pursuant to Tenn. Code Ann. § 29-34-105(a)(1)(A) and § 34-1-121 to address the motion. Present at the hearing were Lance Baker, on behalf of the Plaintiffs, and Jeffery Ward and Hunter Shephard on behalf of the Defendants. Plaintiffs Troy J. Fox and Jeanene Fox, parents of the decedent and grandparents of minor child R.F., were also present in the courtroom. For reasons set forth below, it is **RECOMMENDED** that the parties' Motion [Doc. 76] and proposed settlement agreement be **APPROVED.**

The Motion notes that Plaintiffs sought damages on behalf of their granddaughter for alleged civil rights violations pursuant to 42 U.S.C. § 1983 and for violations of state law. The

Motion states that R.F. is the only child and next of kin of Decedent,[1] and provides for a total settlement payment of sixty thousand dollars ($60,000.00) from Defendants for the release of all claims against them raised by Plaintiffs. *Id*. Specifically, the settlement includes direct and immediate payments to The Baker Law Firm, including a $30,000.00 check from Cocke County and a $2,500.00 check from the Town of Parrottsville. Additionally, the Town of Parrottsville will pay $27,500.00 into an annuity administered by Pacific Life Insurance Company for future periodic payments to benefit the minor child. Those payments are to occur as follows:

- $15,000.00 paid as a lump sum, at age 18, on 07/12/2039, guaranteed;

- $15,000.00 paid as a lump sum, at age 21, on 07/12/2042, guaranteed; and

- $31,619.36 paid as a lump sum, at age 25, on 07/12/2046, guaranteed.[2]

Accordingly, in addition to the $32,500.00 in direct and immediate payments, the $27,500.00 payment by the Town of Parrottsville into the Pacific Life Insurance Company annuity will result in a guaranteed yield of $61,695.15 to R.F.[3]

As to attorney fees, the parties have agreed that Plaintiff counsel's fees and litigation expenses will be deducted from the gross settlement amount of $60,000.00. While Plaintiff's counsel is contractually entitled to a 40% contingency fee agreement, Attorney Baker has agreed

---

[1] While the Complaint [Doc. 1] refers periodically to "children" of the Decedent, counsel for the Plaintiffs clarified during the hearing that R.F. is Decedent's only child. Further, Plaintiffs' counsel confirmed during the hearing that Decedent was unmarried at the time of her death.

[2] Because the structured settlement payments listed above were guaranteed based on a purchase date on or before April 24, 2026, and the parties were not available for a hearing by that date, the Court required the parties to file a supplement advising as to whether the same rates were still available. In their supplemental filing [Doc. 80], the parties notified the Court that the annuity was purchased prior to April 24, 2026, to ensure that the rate would be what was represented to Plaintiffs. There was a typographical error contained in the original filing as to the third annuity payment, which has been corrected above. The difference in figures was only about $75.00. These payments are 100% tax free and guaranteed with a beneficiary clause.

[3] As the next of kin of Decedent, R.F. is the proper beneficiary of these funds. Tenn. Code Ann. § 20-5-106.

to reduce his fee to 37%, resulting in attorney's fees in the sum of $22,200.00. Additionally, Plaintiff's counsel will receive $4,862.75 in reimbursement for out-of-pocket expenses.

Finally, the parties jointly propose that Plaintiffs, in their capacity as the minor child's lawful guardians, receive the nominal remaining sum of $5,637.25 from the gross settlement to assist them in raising, caring for, educating, and otherwise providing for R.F. During the hearing, Plaintiffs testified that Decedent died with no assets and that their only financial assistance with raising their granddaughter comes via a payment from the Social Security Administration.

Based upon a careful review of the record in this matter, including the claims and defenses asserted by the parties and the earlier rulings of the District Court addressing those claims, the representations made to the Court during the hearing held, and the fact contained in the parties' proposed settlement agreement, the Court finds the settlement agreement to be fair and reasonable and in the best interest of the minor plaintiff.

For the reasons stated above, the undersigned **RECOMMENDS** that the Joint Motion to Approve Settlement for Benefit of Minor [Doc. 74] be **GRANTED**, and that the parties be bound by the terms set forth therein, and in the Memorandum [Doc. 75] accompanying the motion. [4]

SO ORDERED:

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[4] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with this time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).